R. E. CUMMINGS v. THE STATE.

*No. 1088. Decided June 26th, 1896.*

1. **Incest—Marriage License not Issued in the County of the Marriage.**

A marriage in one county, under a license issued from the clerk's office of another county, is legal and binding.

2. **Exceptions to Exclusion of Evidence.**

Unless a bill of exceptions be saved to the ruling of the trial court in excluding offered evidence, the ruling will not be revised on appeal.

APPEAL from the District Court of Lamar. Tried below before Hon. E. D. MCCLELLAN.

This appeal is from a conviction for incest, the punishment being assessed at three years' imprisonment in the penitentiary.

The indictment charged appellant with carnal intercourse with Maggie Bryant, his step-daughter. Defendant married the mother of the girl in Marion County, the marriage license having been issued by the County Clerk of Bowie County.

No further statement necessary. ·

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of incest with his step-daughter, and given three years in the penitentiary, and appeals. The evidence shows that appellant married the mother of the prosecutrix in Marion County. The marriage license under which this marriage occurred was issued from Bowie County. Appellant asked a special charge to the effect that, if the jury believed that the marriage license was issued in Bowie County and executed in Marion County, the marriage would be invalid, and, this being so, appellant could not be convicted of the crime of incest. We are referred to no authority by the appellant to sustain this contention, and we do not understand it to be the law. An analogous question was discussed by the court in the case of Simon v. State, 31 Tex. Crim. Rep., 187. In that case the marriage license was issued from Victoria County, and the marriage was cele-brated in Goliad County, and by a Justice of the Peace of Victoria County. It was held in that case that under this state of case the marriage was a legal and binding one; and we see no reason for overruling that decision, and believe it to be correct. The motion for a new trial sets up two grounds, based upon the supposed erroneous ruling of the court with reference to the admission of testimony. Suffice it to say, in this connection, that no exceptions were reserved by appellant to the action of the court, and therefore a revision of the supposed errors is not authorized by this court. We think the evidence in the case amply sufficient to support the conviction, and the judgment is affirmed.

*Affirmed.*